# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11CR72-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHARLIE WAYNE BRYANT, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Withdraw Guilty Plea" (Doc. 35) filed July 9, 2012 and "United States' Response to Defendant's Motion to Withdraw Guilty Plea" (Doc. 37) filed July 19, 2012. United States District Judge Max O. Cogburn, Jr. referred this matter to the undersigned.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for withdrawal of Defendant's guilty plea, as discussed below, and will **DENY** Defendant's Motion to Withdraw Guilty Plea.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On March 15, 2011, Defendant Charlie Wayne Bryant was indicted on one count of assaulting, resisting, or impeding certain officers or employees in violation of Title 18, United States Code, Section 111(a) and (b). Defendant was arrested on this charge on April 18, 2011. On April 25, 2011, Defendant was arraigned on the indictment and ordered detained. Appointed counsel Steven Slawinski represented Defendant at the arraignment. On October 17, 2011, Angela Parrott replaced Steven Slawinski as Defendant's attorney. Judge Cogburn scheduled Defendant's trial for January 3, 2012. On December 8, 2011, Defendant entered a "straight up" guilty plea before the undersigned.

At the plea hearing, the Court engaged in the standard colloquy with Defendant to ensure that his plea was knowing and voluntary. Specifically, the Court asked Defendant, "Is your mind clear and do you understand that you are here to enter a guilty plea that cannot later be withdrawn?" Doc. 36 at 3. Defendant responded, "Yes, sir." Id. The Court asked Defendant if he received a copy of the indictment and whether he discussed its contents with his attorney. Id. Defendant stated, "Yes, sir." Id. Later, the Court asked Defendant if he understood that he had a right to a trial. Id. at 6. Defendant indicated that he understood that right. Id. The Court also explained that by pleading guilty Defendant was waiving or giving up that right, that there would be no trial, and that his next hearing would be for sentencing. Id. at 6-7. The Court asked Defendant if he understood that, and Defendant replied "Yes, sir." Id. at 7. Additionally, Defendant indicated that he was, in fact, guilty of the one count in the bill of indictment. Id.

The Court asked Defendant if anyone had threatened, intimidated, or forced him to enter a guilty plea. Id. Defendant replied, "No, sir." Id. The plea colloquy also included the following:

THE COURT: Are you now under the influence of any alcohol or drugs?

DEFENDANT: No, sir.

MS. PARROTT: Your Honor, just for the record, it doesn't affect his ability to understand today's proceedings, but he does take a thousand milligrams of Depakote

THE COURT: All right.

MS. PARROTT: –twice a day at the jail.

THE COURT: All right.

Is your mind clear and do you understand that you are here to enter a guilty plea that cannot later be withdrawn?

DEFENDANT: Yes, sir.

Id. at 3. Defendant was also asked by the Court:

2

THE COURT: Have you had enough time to discuss with your attorney any possible defenses you may have to this charge?

DEFENDANT: Yes, sir.

Id. at 7-8. Finally, Defendant was asked:

THE COURT: Have you heard and understood all parts of this proceeding and do you still wish to plead guilty?

DEFENDANT: Yes, sir.

Id. at 8. Thereafter, the Court found Defendant's plea of guilty to be knowingly and voluntarily made and accepted his plea. See Doc. 36 at 8.

On May 15, 2012, Ms. Parrott filed a motion to withdraw as counsel. The Court held an inquiry into status of counsel hearing on June 7, 2012. Ms. Parrott was allowed to withdraw as counsel. At that hearing, it came to the parties' attention that the Court had not received a copy of the Federal Bureau of Prisons competency evaluation addressed to the undersigned and dated August 25, 2011. Assistant United States Attorney Jennifer Dillon subsequently sent a copy of the report to the undersigned, which was filed on June 12, 2012. On June 14, 2012, Richard Tomberlin replaced Ms. Parrott as counsel for Defendant. On June 29, 2012, Judge Cogburn entered a sealed Order finding Defendant competent to proceed.

On July 9, 2012, seven months after the entry of his guilty plea, Defendant filed the instant Motion. Doc. 35. Defendant asserts that it is unclear whether the Court considered the competency report prior to the Rule 11 hearing. Defendant suggests that because the Court did not conduct a full competency hearing, his plea was not knowingly and voluntarily made. Doc. 35 at 3. Defendant also suggests that the Court's questions at the Rule 11 hearing were not sufficient to determine the Defendant's mental condition. Id. Further, Defendant asserts his legal innocence and raises issues of insanity and self defense. He asserts his Motion is timely because it was filed thirty days after his present counsel appeared in the case. Id. at 4. Finally, although Defendant acknowledges that Ms. Parrott is "an extremely competent attorney," he suggests that he did not have close assistance

3

of competent counsel because "he did not understand all the consequences of his guilty plea at the time it was entered and there was no hearing to determine the extent of his ability to understand." Id.

## II. DISCUSSION OF CLAIMS

Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on Defendant to show a "fair and just reason for requesting the withdrawal" of his plea. Fed. R. Crim. Pro. 11(d). In determining whether a defendant has met this burden, the Fourth Circuit has set forth six non-exclusive factors for district courts to consider:

(1) the existence of credible evidence that the plea was not knowing and voluntary;

(2) credible assertions by the defendant of his legal innocence;

(3) any delay between the entry of the plea and the motion to withdraw;

(4) the assistance of competent counsel in connection with the plea;

(5) whether the withdrawal would cause prejudice to the government; and

(6) whether withdrawal would inconvenience the Court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

While each of the Moore factors should be considered, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," because whether a plea was both counseled and voluntary is ordinarily dispositive. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). Once a guilty plea is entered, there is "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

The Court finds that Defendant has not provided credible evidence that his plea was not knowing and voluntary. Defendant argues his plea was not knowing and voluntary because the record does not indicate whether the competency report was considered by the Court before his plea was accepted. He also points to the fact that no hearing was held to determine his competency

before the plea. Doc 35 at 3. The Court finds that the failure to conduct a formal competency hearing does not make Defendant's plea unknowing or involuntary.

Several circuits have held that the district court has discretion to determine whether a formal competency hearing is necessary when the defendant has been found competent after a psychiatric evaluation. United States v. Lazo-Romero, 233 F. App'x 739 (9th Cir. 2007)("Because the psychiatric evaluation concluded that [the defendant] was competent to stand trial, the district court, having no reasonable cause to believe that [the defendant] was incompetent, was not required to hold a formal hearing."); United States v. Denkins, 367 F.3d 537, 545-46 (6th Cir. 2004) (If it was error for the district court to take defendant's plea prior to sending defendant for a competency evaluation, such error was harmless. No authority suggests that § 4241 mandates a hearing when there is no prospect of meeting the statutory standard of incompetency.); United States v. Downs, 123 F.3d 637, 641 (7th Cir. 1997) (finding "Section 4241(b) authorizes courts to order a psychiatric examination 'prior to the date of the hearing' but we do not read that section to *require* a hearing whenever a psychiatric examination has been ordered." (emphasis in original)); United States v. Lebron, 76 F.3d 29, 33 (1st Cir. 1996) ("We hold that when a qualified psychiatrist examines a defendant before he enters a plea to criminal charges, and the psychiatric report and other pertinent current information reveal that the defendant is competent to stand trial, it is not reversible error for a district court to fail or refuse to conduct a formal hearing under the provisions of 18 U.S.C. § 4241(a)."); United States v. Jones, 23 F.3d 1307, 1309 (8th Cir. 1994) (recognizing that a "trial court ha[s] the discretion to hold or to forgo an additional hearing" when "[t]he psychiatric report submitted to the court indicate[s] that [the defendant] was competent to stand trial"); Arnold v. United States, 432 F.2d 871, 873-874 (10th Cir. 1970) ("All reasonable suspicions of defendant's infirm mental condition were apparently put to rest with the psychiatric report;" thus, the trial court was not required to hold a competency hearing prior to accepting the defendant's plea.). Based on these precedents, the Court finds that a formal hearing was not required since the report found that Defendant was competent.

The Court is entitled to rely heavily on the representations made by the Defendant during the Rule 11 hearing about the voluntariness of his plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Ms. Parrott did not request a competency hearing prior to the Rule 11 hearing, and Defendant's answers during the plea colloquy and the Court's observations of him gave no reason to doubt his competency. See Downs, 123 F.3d at 641 ("The [d]istrict [c]ourt's decision not to hold a hearing was not an abuse of the court's discretion," where, "combined with the [d]istrict [c]ourt's own observations and the silence of Downs' counsel, the psychiatric report obviated the need for an evidentiary hearing."). See also United States v. Ewing, 494 F.3d 607, 622 (1st Cir. 2007) (citing United States v. Downs, 123 F.3d 637, 641 (7th Cir. 1997)); Williams v. Woodford, 384 F.3d 567, 605 (9th Cir. 2004); Arnold, 432 F.2d at 874 (After the parties received the report, "neither [the defendant] nor his counsel contended or testified that the accused was not mentally competent to knowingly and voluntarily enter a plea of guilty to the charges against him, or to aid in his defense."); Sanchez v. United States, 921 F. Supp. 56, 60 (D.P.R. 1996) (court's refusal to conduct a formal hearing to determine competency was not erroneous when recent examination by a qualified physician revealed that petitioner was competent to stand trial). Although the Court did not receive a copy of the competency report prior to the Rule 11 hearing, a competency hearing was not mandated. The Court questioned Defendant and his counsel as to his plea, his medication, his mental condition, and was able to observe Defendant's demeanor first hand. See United States v. Panagopoulos, 457 F. App'x. 279, 281 (4th Cir. 2011); United States v. Denkins, 367 F.3d 537, 546-547 (6th Cir. 2004) ("We know of no authority, and Defendant has not cited any, for the proposition that § 4241 mandates a hearing even when there is no prospect of meeting the statutory standard of incompetency.").

With respect to the second factor concerning a claim of legal innocence, Defendant has no meritorious defenses, and this issue was specifically addressed during the plea hearing. Doc. 36 at 7-8. In his Motion, Defendant alleges two possible theories of legal innocence: (1) "a viable insanity defense arising from the facts;" and (2) "a possible defense of self defense [*sic*]." Doc. 35 at 3.

6

Neither of Defendant's previous attorneys filed notice of these defenses. Although Defendant now claims that he is legally insane, this contradicts the finding of the Bureau of Prisons, his statements to the Court at the Rule 11 hearing (Doc. 36), his signed Entry and Acceptance of Guilty Plea form (Doc. 23), and the finding made by the District Judge in his sealed Order (Doc. 34). Defendant admitted to factual guilt at his Rule 11 hearing by pleading "straight up" as charged to the Bill of Indictment.

Defendant also claims that he has a possible theory of self-defense. However, in its response the Government represents that it has eyewitness testimony that Defendant became extremely disruptive at the Social Security office and assaulted the victim by punching him in the mouth. The altercation continued into the men's bathroom, where Defendant admittedly made several attempts to gain control of the victim's firearm. With the help of other Social Security employees, Defendant was subdued and handcuffed. In an interview with Special Agent Long from the Federal Protective Service and Special Agent Littlejohn from the Social Security Administration - Office of Inspector General, Defendant admitted that he punched the victim in the face when he was asked to quiet down. Defendant also stated, "I was trying to grab his Glock, but couldn't get it out, my intentions were to kill him because he was beating me." In light of his repeated admissions of guilt, both at his plea hearing and his admissions to federal agents, Defendant cannot legitimately assert legal innocence. See United States v. Self, 393 F. App'x. 47, 50 (affirming denial of motion to withdraw guilty plea based on claim of public authority defense because defendant could not show legal innocence where he also gave extensive statements of his guilt). Defendant's previous counsel did not pursue this theory. Therefore, the Court finds there is no credible assertion of legal innocence.

With respect to the third factor concerning the delay between the entry of the plea and this Motion, Defendant entered his plea on December 8, 2011 and filed this Motion on July 9, 2012- more than seven (7) months after the entry of his guilty plea. The Court finds that this delay is substantial. See United States v. Wells, No. 94-5666, 1996 WL 174631, at *5 (4th Cir. April 12,

1996) (holding that "a delay of over fifteen weeks" between entry of a guilty plea and a motion to withdraw the plea was "a substantial delay" supporting denial of the motion).

With respect to the fourth factor concerning the assistance of competent counsel in connection with the plea, the record fails to show any complaints made by Defendant about his counsel's performace until his draft Presentence Investigation Report ("PSR") was submitted on June 1, 2012. Defendant's Motion fails to assert that Ms. Parrott's performance fell below an objective standard of reasonableness. Further, Defendant fails to allege that he would not have pled guilty and would have insisted on going to trial but for his attorney's deficient performance. Doc. 35 at 4. A defendant must demonstrate that his attorneys' performance fell below an objective standard of reasonableness and that he was prejudiced to the degree that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. See United States v. Lambey, 974 F.2d at 1394-95. The Court finds that Defendant has failed to make the required showing. He does not assert how his plea decision was affected or cite any case law to support his argument.

Furthermore, Defendant was asked during his Rule 11 hearing if he was satisfied with the services of his attorney in this case. Defendant's sworn answer was in the affirmative. When given an opportunity to voice any concerns about satisfaction with his attorney's representation, Defendant expressed none. Doc. 36 at 8.

With regard to the fifth and six factors concerning prejudice to the Government, inconvenience to the Court and wasting judicial resources, withdrawal of Defendant's guilty plea would prejudice the Government due to the lapse of seven months since the plea was entered, and would inconvenience the Court and waste judicial resources because the presentence report has been completed and filed.

Based on the above analysis, the Court finds that there is no basis for withdrawal of Defendant's guilty plea. **IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Withdraw Guilty Plea" (Doc. 35) filed July 9, 2012 is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED.**

Signed: July 27, 2012

David S. Cayer
United States Magistrate Judge